IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TANGLEWOOD HOSPITALITY )
VENTURE, INC., )
 )
      Plaintiff )
 )
  v. )    No. 3:05-cv-184
 )
ANTOINETTE O. OGLE, COX & )
DUNN, LP, MARY HARRIET O. )
COX, JEAN C. OGLE, and DIANNA )
OGLE, )
 )
      Defendants )

## **MEMORANDUM OPINION**

This is an action for breach of a lease agreement that was entered into in September 1982 and lasts through 2022. Plaintiff Tanglewood Hospitality Venture, Inc. (Tanglewood) acquired its interest in the lease by foreclosure in 2001. Currently pending is the motion of defendants to compel arbitration and to dismiss the complaint [Court File #16]. For the reasons that follow, the motion will be granted.

The lease in question "concerns certain real property located in Downtown Gatlinburg, Sevier County, Tennessee, where [plaintiff] operates,

pursuant to the terms of the Lease, a resort hotel, convention center and restaurant known as the River Terrace Resort and Convention Center ... ." Plaintiff alleges that the defendants breached the lease by refusing to consent to "the sale and assignment of [plaintiff's] leasehold interest ..." to Bluegreen Corporation for use "as a resort hotel, restaurant and convention center," with the additional intent by Bluegreen "to market or sell time-share estates it offers throughout the world to the resort guests."

The lease provides for arbitration of all disputes arising therefrom, as follows:

> Section 9.03. Arbitration. If any dispute arises between the parties hereto as to any matter involving the Demised Premises or this Lease, it shall be settled by arbitration. It shall be before one disinterested arbitrator if one can be agreed upon; otherwise, before three disinterested arbitrators, one named by Landlord, and one by Tenant, and one by the two thus chosen. The arbitrator or arbitrators shall promptly determine the rights of the parties as to the matter(s) in controversy and their determination shall be final and binding on all parties in interest, and may be specifically enforced in any court of competent jurisdiction as though it had been specifically agreed to by the parties. Each side shall pay one-half of the expenses unless there are three arbitrators, in which event each side shall pay the arbitrator appointed by him, and one-half of all other expenses. The rule to govern the arbitration shall be the rules then in force of the American Arbitration Association unless the arbitrators unanimously agree to different rules.

2

The parties originally referred the dispute to arbitration; however, when the arbitrator failed to return an award after more than seven months, Tanglewood revoked the submission to the arbitrator. Tanglewood also revoked the arbitration agreement contained in the lease, reportedly in accordance with applicable Tennessee law. The defendants challenged the revocation of the submission to the arbitrator, and on March 31, 2005, the complaint was filed in this court for breach of contract under the lease agreement based on diversity of citizenship and amount in controversy. The defendants concede that the arbitrator's authority was duly revoked. However, defendants dispute Tanglewood's authority to revoke the agreement to arbitrate based on federal law, as well as Tennessee common law which existed prior to passage by the Tennessee General Assembly of the Uniform Arbitration Act, T.C.A. § 29-5-301, *et seq.*, in 1983. It is undisputed that the Act renders written agreements to arbitrate irrevocable. T.C.A. § 29-5-302(a).

If the dispute in controversy involves interstate commerce, then the Federal Arbitration Act (FAA) applies and the dispute must be submitted to a new arbitrator. If interstate commerce is not involved, then it is conceivable that the old Tennessee common law, prior to 1983, applies, under which a party could revoke an agreement to arbitrate at any time prior to a valid award by the arbitrator. *See Key v. Norod*, 136 S.W.2d 991, 992 (1910).

3

The court finds upon a careful review of the complaint and attachments thereto, including the lease agreement, that the lease agreement clearly involves interstate commerce. Specifically, the lease concerns property in downtown Gatlinburg where plaintiff operates, pursuant to the terms of the lease, "a resort hotel, convention center and restaurant known as the River Terrace Resort and Convention Center ... ." Plaintiff alleges that defendants breached the lease by refusing to consent to the sale and assignment of plaintiff's leasehold interest to Bluegreen Corporation for use "as a resort hotel, restaurant and convention center," with the additional intent by Bluegreen "to market or sell time-share estates it offers throughout the world to resort guests."

The United States Supreme Court has interpreted the term "involving interstate commerce" broadly, noting:

> "The Federal Arbitration Act, Section 2, provides that a 'written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' 9 U.S.C. § 2.
>
> The initial interpretive question focuses upon the words 'involving commerce.' These words are broader than the often-found words of art 'in commerce.' They therefore cover more than 'only persons or activities within the flow of interstate commerce ... . After examining the statute's language, background, and structure, we conclude that the

4

word 'involving' is broad and is indeed the functional equivalent of 'affecting.' ..."

*Allied-Bruce Terminex Cos. v. Dobson*, 513 U.S. 265, 273-74 (1995).

The language of the lease and the contents of the dispute in this case clearly indicate that the lease affects interstate commerce, and the FAA requires that the dispute be arbitrated. Accordingly, the parties will be DIRECTED to secure a new arbitrator or arbitrators to resolve the dispute. The court is aware of no reason why the matter should be stayed pending this arbitration. Accordingly, defendants' motion to compel arbitration and to dismiss the complaint [Court File #16] will be GRANTED. Plaintiff will be DIRECTED to re-initiate the arbitration proceedings with respect to the lease. This dismissal is without prejudice to the plaintiff to file any subsequent action which may be appropriate under the Arbitration Act at the appropriate time.

Order accordingly.

                                                *s/ James H. Jarvis*
                                      UNITED STATES DISTRICT JUDGE